IN THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY, MARYLAND
*Civil Division*

MARGARET BARNES
3621 Sweetbush Trail
Laurel, MD 20724

      Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION
999 Lake Drive
Issaquah, WA 98027

*Serve on Resident Agent:*
THE CORPORATION TRUST
2405 York Road
Suite 201
Lutherville Timonium, MD 21093

      Defendant.

Case No.: C-02-CV-18-002704

**COMPLAINT**
**JURY TRIAL DEMANDED**

## COMPLAINT AND PRAYER FOR JURY TRIAL

COMES NOW, Margaret Barnes, the Plaintiff, by and through her attorneys, Caleb I. Solomon, A. Stephanie Obiesie, and The Solomon Law Center LLC, sues the Defendant, Costco Wholesale Corporation ("Costco"), and in support, states as follows:

### PREAMBLE

1. Margaret Barnes, Plaintiff, is an adult citizen of Maryland and a resident of Prince George's County.

2. Plaintiff is informed and believes and thereon alleges that Defendant Costco was at all relevant times herein a corporation duly organized and existing under the laws of the State of Maryland, and doing business in Anne Arundel County, Maryland. Plaintiff is informed and believes that at other times relevant herein Costco owned, operated, managed and/or maintained or had a duty to own, operate, manage and/or maintain, both individually and by and/or through their agents, servants and/or employees, the premises known as Costco Wholesale located at 7077 Arundel Mills Circle, Hanover, MD 21076.

3. This action arises out of a slip-and-fall incident that occurred on May 7, 2017 on the

[- 1 -]



premises of Costco Wholesale located at 7077 Arundel Mills Circle, Hanover, MD 21076.

## STATEMENT OF FACTS

4. That on the aforesaid date, May 7, 2017, the Plaintiff, Margaret Barnes, was a business invitee and customer of the Defendant in the aforesaid Costco store, and as such invitee and customer, she was properly on said premises.

5. That on the aforesaid date, May 7, 2017, the Plaintiff, Margaret Barnes, was traversing on the common floor area at or near the floral section of the store, when she slipped and fell due to accumulated water on the floor of said premises, Costco. As a result, Plaintiff was caused to sustain severe bodily injuries;

6. That it thereon became and was the duty of the Defendant, Costco, by and through its duly authorized agents and servants, to exercise all due care and caution for the safety of the Plaintiff and other members of the public on its premises, but the Defendant did not regard its duty, or use due care on behalf of the Plaintiff, by and through its authorized agents and servants in that behalf, and negligently and carelessly allowed aforesaid premises unsafe to traverse by customers in its store.

7. Prior to Plaintiff's fall, Defendant knew or should have known that the common floor area had been wet and slippery for some time, yet Defendant failed to put up a sign to notify customers of the wet condition of the common floor area.

## COUNT ONE

### (Negligence of Defendant)

Plaintiff realleges and incorporates by reference all facts and allegations in paragraphs 1 through 7 above and further alleges:

8. The aforesaid incident occurred because of and was proximately caused by the careless, negligent, and reckless conduct of the Defendant, which consisted inter alia of the following particulars:

   a. permitting water to be present on the common floor area at or near the floral section where customers traverse;

   b. failing to properly inspect the common floor area at or near the floral section wherein the Plaintiff was caused to fall;

   c. failing to warn customers of the presence of water on the common floor area at or near

[- 2 -]

the floral section;

 d. failing to clean water from the common floor area at or near the floral section after it knew or should have known that the water presented a danger to its customers;

 e. failing to properly supervise the common floor area at or near the floral section in question to furnish to the Plaintiff a safe common floor area, free from hazards which were recognized or should have been recognized by Defendant, as causing or likely to cause the serious physical harm to the Plaintiff, and others;

 f. failing to develop or enforce proper methods to see that water does not accumulate on the common floor area at or near the floral section;

 g. failing to adequately design the floral section at this store to protect the public from the dangerous and hazardous accumulation of water onto the floor;

 h. failing to maintain the premises owned by the Defendant in good and safe condition for the Plaintiff and other;

 i. failing otherwise to comply with the applicable laws and regulations of the State of Maryland and the applicable Federal laws and regulations;

 j. Otherwise failing to exercise the degree of care required under the circumstance; and

 k. Otherwise being negligent.

9. Solely as a direct and proximate result of the recklessness, negligence and carelessness of the Defendant, the Plaintiff:

 a. suffered serious, painful and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, loss of the capacity for the enjoyment of life;

 b. was, is and will be required to undergo medical treatment and to incur medical costs and expenses to alleviate injuries, pain and suffering;

 c. was, is and will be precluded from engaging in normal activities and pursuits, including a loss of the ability to earn money and of actual earnings;

 d. and otherwise was hurt, injured and caused to sustain losses.

10. All Plaintiff's losses were, are and will be due solely to and by reason of the recklessness, carelessness and negligence of the Defendant without any negligence or want of due care on the Plaintiff's part contributing thereto.

WHEREFORE, Plaintiff Margaret Barnes demands a judgment against Defendant, for a dollar amount in excess of $75,000.00. This claim is made both jointly and severally. This court should also, if it deems appropriate, award costs, pre-judgment interest, and post-judgment interest, and other relief the Court deems just and proper.

## JURY DEMAND

The Plaintiff, Margaret Barnes, pursuant to Maryland Rule 2-325, seeks a jury trial on all issues so triable raised in this Complaint.

Respectfully submitted,
THE SOLOMON LAW CENTER LLC

*/s/ Caleb I. Solomon*

Caleb I. Solomon, Esquire
1401 Mercantile Lane, Suite 203
Largo, MD 20774
Telephone: (240) 582-7775
Facsimile: (240) 582-7972

*/s/ A. Stephanie Obiesie*

A. Stephanie Obiesie, Esquire
1401 Mercantile Lane, Suite 203
Largo, MD 20774
Telephone: (240) 582-7775
Facsimile: (240) 582-7972

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Complaint and Summons was sent by U.S. mail on this 31st day of August 2018 to:

COSTCO WHOLESALE CORPORATION
999 Lake Drive
Issaquah, WA 98027

*Serve on Resident Agent:*
THE CORPORATION TRUST
2405 York Road
Suite 201
Lutherville Timonium, MD 21093

Defendant.

_____
Caleb I. Solomon, Esq.

*Attorney for the Plaintiff*