# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARGARET BARNES, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-18-3377 |
| COSTCO WHOLESALE CORP., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Margaret Barnes filed this suit against Defendant Costco Wholesale Corp., on August 31, 2018, after she slipped and fell at a Costco store. Currently pending before the Court is Costco's motion to strike the testimony of various experts disclosed by Barnes pursuant to Federal Rule of Civil Procedure 37(c)(1). (ECF No. 24.) The motion is fully briefed and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, the motion is granted in part and denied in part.

The instant motion arises from an ongoing discovery dispute between the parties. On February 11, 2019, one week after the deadline set by this Court, Barnes disclosed eight treating physicians as expert witnesses. (Mot. Strike Ex. A, ECF No. 14-2.) She did not provide expert reports for any of those individuals. Then, on February 20, 2019, Costco filed a motion to strike the testimony of Barnes's eight experts on the grounds that Barnes's disclosures were untimely and deficient under Rule 26(a)(2) of the Federal Rules of Civil Procedure. (ECF No. 14.) Specifically, Costco argued that Barnes was required to provide at least summary expert reports for her treating physicians. (ECF No. 14-1 at 3–4.)

On April 18, 2019, after a conference call with counsel for both parties, this Court denied Costco's motion to strike. (ECF No. 20.) The Court found it premature to strike the testimony of Barnes's treating physicians but ordered that "to the extent that the Plaintiff intends to offer testimony from her treating physicians that relies on their expertise, Plaintiff is required to provide at least abbreviated expert reports to the Defendant before the close of business on Thursday, April 30, 2019." (*Id.* at 3.) The Court observed that the failure to provide such reports would result in the exclusion of expert testimony at trial or on a motion. *See* Fed. R. Civ. P. 37(c)(1).

On April 30, 2019, Barnes filed amended Rule 26(a)(2) disclosures. (Mot. Strike Ex. A, ECF No. 24-2; Opp'n Ex. 1, ECF No. 25-1.) She supplemented her disclosures for only two of the eight treating physicians previously identified as experts, Harvey Mininberg, M.D., and Kenneth M. Kudelko, M.D. She also disclosed a newly retained expert, Michael D. Paul, M.D. Then, the following day, Barnes sent Costco the expert report of another treating physician, Shylaja Keshav, M.D. (Mot. Strike Ex. C, ECF No. 24-4.)

Thereafter, Costco filed the instant motion to strike. (ECF No. 24.) It moves to exclude the testimony of: (1) the five treating physicians for whom no expert reports were disclosed—Katarina Juhaszova, P.A., Paul Schaefer, M.D., James Hill, N.P., Jan Webber, M.D., and David Boyd, M.D; (2) the treating physician for whom an expert report was untimely disclosed—Dr. Keshav; and (3) the newly retained expert—Dr. Paul. Costco asserts that Barnes should be precluded from relying upon the testimony of these witnesses "for any reason." (ECF No. 24-1 at 7.)

The Court first addresses Costco's motion to strike the testimony of Barnes's treating physicians for whom no expert reports were provided—*i.e.*, P.A. Juhaszova, Dr. Schaefer, Dr. Hill, Dr. Webber, and Dr. Boyd. Costco argues that the testimony of these individuals must be excluded

2

because Barnes failed to provide even summary reports for them as required by Rule 26(a)(2). (ECF No. 24-1 at 3–4.) Barnes argues, however, that no expert reports were required for these witnesses because they were not retained to provide expert testimony and their testimony will not be based on any specialized knowledge. (ECF No. 25 at 3.)

Rule 26(a)(2)(A) requires litigants to disclose the identity of any witness they may use to offer expert testimony. Rule 26(a)(2)(B) further requires litigants to produce written reports for any witness who is "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee regularly involve giving expert testimony." Where a witness is not required to provide a written report—*i.e.*, because they are not retained—the disclosure need only state: "(i) the subject matter on which the witness is expected to present [expert testimony] evidence . . . and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). The witnesses that fall into this latter category are referred to as "hybrid witnesses." Under Rule 37(c)(1), a district court shall exclude testimony "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . unless the failure was substantially justified or is harmless." The purpose of Rule 37(c)(1) is to prevent surprise and prejudice to the opposing litigant. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003).

Treating physicians are generally considered hybrid witnesses and, thus, their testimony does not require the disclosure of full-fledged expert reports pursuant to Rule 26(a)(2)(B). *See, e.g., Everett v. Am. Gen. Life Ins. Co.*, 703 F. App'x 481, 482 (9th Cir. 2017) ("As a treating physician, [the witness] was qualified to testify regarding his opinions that 'were formed during the course of treatment' without necessitating a Rule 26(a)(2)(B) expert report.") (citation omitted); *Brutton v. United States*, 687 F. App'x 56, 58 (2d Cir. 2017); *Ace Am. Ins. Co. v.*

3

*McDonald's Corp.*, Civ. No. GLR-11-3150, 2012 WL 2523883, at *3 (D. Md. June 28, 2012); *Williams v. Devlin*, 100 F. Supp. 3d 8, 12 (D.D.C. 2015). However, their testimony *is* subject to the summary disclosure requirements of Rule 26(a)(2)(C). *See Ace Am. Ins.*, 2012 WL 2523883, at *4; *Williams*, 100 F. Supp. 3d at 12. This is because the testimony of treating physicians as to facts and opinions concerning their treatment, such as diagnosis etc., is necessarily based on their specialized knowledge as physicians.

Barnes's disclosures for P.A. Juhaszova, Dr. Schaefer, Dr. Hill, Dr. Webber, and Dr. Boyd do not contain the information required by Rule 26(a)(2)(C). (*See* ECF No. 24-2.) She merely provides the same vague description of their testimony: "Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff." (*Id.* at 1–3.) Barnes's explanation for her cursory disclosures is that these witnesses are not retained experts and their testimony will be limited to facts and observations learned during their treatment of her. (ECF 25 at 2–3.) That may be true. But that does not exempt their testimony from the summary report requirements of Rule 26(a)(2)(C); it excepts it only from Rule 26(a)(2)(B)'s "complete" expert report requirements. *See Ace Am. Ins.*, 2012 WL 2523883, at *4; *Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 70 (D.D.C. 2014) ("Thus, if the plaintiff wishes her doctors to testify as to her 'diagnosis and the treatment prescribed,' as she has proffered, that testimony is properly classified as 'expert testimony' and subject to the disclosure requirements of Rule 26(a)(2)(C)."). Because Barnes fails to show that her failure to comply with Rule 26(a)(2)(C) was substantially justified or harmless, the Court will exclude the expert testimony of these witnesses at trial or on a motion pursuant to Rule 37(c)(1).

Costco also moves to strike the testimony of Dr. Paul and Dr. Keshav. Costco asserts that the testimony of Dr. Paul should be stricken because he was improperly disclosed for the first time

in Barnes's amended Rule 26(a)(2) disclosures of April 30, 2019. (ECF No. 24-1 at 5–6.) And, Costco argues that Dr. Keshav's testimony should be excluded because her expert report was untimely disclosed and merely parrots the findings of another treating physician, Dr. Kudelko. (*Id.* at 4–5.)

Federal Rule of Civil Procedure 26(a)(2)(D) requires that expert disclosures be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). This Court set the deadline for Barnes's Rule 26(a)(2) disclosures as February 4, 2019. (ECF No. 9.) Barnes submitted her Rule 26(a)(2) disclosures one week late, on February 11, 2019. After Costco challenged the sufficiency of Barnes's disclosures for her treating physicians, this Court issued an Order allowing Barnes to supplement her disclosures until April 30, 2019. (ECF No. 20 at 3.) But the Court did not authorize the disclosure of any new experts; it merely allowed Barnes to supplement the disclosures already provided. (*Id.*) Nonetheless, Barnes disclosed a newly retained expert, Dr. Paul, for the first time in her amended Rule 26(a)(2) disclosures of April 30, 2019. (ECF No. 24-2 at 5.) In addition, despite stating that "[n]o report will be furnished" as to Dr. Keshav in her amended disclosures of April 30, 2019, Barnes submitted an expert report for Dr. Keshav the following day—after the deadline for such disclosures. (ECF No. 24-4.) Barnes fails to show that these untimely disclosures were substantially justified or harmless and, therefore, I will exclude the expert testimony of Dr. Paul and Dr. Keshav.[1]

For these reasons, it is hereby ORDERED that Costco's motion to strike (ECF No. 24) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED in that Barnes is precluded from relying on the expert testimony of P.A. Juhaszova, Dr. Schaefer, Dr. Hill, Dr.

---

[1] In light of the Court's finding that Dr. Keshav's expert testimony will be excluded for this untimely disclosure, the Court need not address Costco's argument that her expert report was deficient because it merely adopts the findings of Dr. Kudelko.

Webber, Dr. Boyd, Dr. Keshav, and Dr. Paul as evidence on a motion, at a hearing, or at trial. The motion is DENIED in that Barnes it not precluded from relying on any lay testimony offered by these witnesses in compliance with the Federal Rules of Evidence.

DATED this 9 day of August, 2019.

BY THE COURT:

James K. Bredar
Chief Judge