IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARGARET BARNES, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-18-3377 |
| COSTCO WHOLESALE CORPORATION, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Margaret Barnes ("Plaintiff") brought this action against Defendant Costco Wholesale Corporation ("Defendant"), asserting a negligence claim arising from a slip-and-fall accident at Defendant's store in Arundel Mills, Maryland. (Compl., ECF No. 1-3.) Now pending before the Court is Defendant's Motion for Summary Judgment (M.S.J., ECF No. 32) and Plaintiff's Motion for Leave to File a Surreply (Mot. Sur., ECF No. 35.) The motions have been fully briefed. No hearing is required. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, the Court will grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Leave to File a Surreply.

### I. *Factual Background*

On May 7, 2017, Plaintiff went to the Costco Warehouse located in Arundel Mills, Maryland. (Barnes Depo. 72:2–9, ECF No. 32-4.) She arrived around 5:15 p.m. (*Id.* 72:19.) She shopped for approximately 45 minutes and as the clock approached 6:00 p.m., the loudspeaker announced that customers should start making their way to the checkout area because the store would be closing soon. (*Id.* 79:18–22, 80:1.) As Plaintiff searched for Tilex—the final item on

1

her shopping list—she walked through the store's flower display area. (*Id.* 83–84.) The flower display area is an open-air bay that is not physically enclosed or covered. (Francis Aff. ¶ 3, ECF No. 32-5.) Customers are not required to seek Costco employee assistance to retrieve flowers stored in the buckets of water there. (*Id.* ¶ 7.)

As Plaintiff walked through the flower display area, she slipped on a wet spot and fell. (Barnes Depo. 93:12–22.) Plaintiff had not seen any liquid on the floor prior to her fall. (*Id.* 90:18–22, 91:1–3.) She also had not seen any signs warning customers about the wet floor. (*Id.* 103:5–5, 104:5–8.) Several Costco employees stated they did observe two yellow caution signs near Plaintiff at the time she fell. (Costco Interrogs. 6, 20, ECF No. 32-2.) Photographs of the scene taken immediately after the incident show two yellow caution signs near the spill, though it is unclear whether the signs were placed before or after Plaintiff's fall. (Opp'n Mem. Ex. 3 at 7–10, ECF No. 33-3.) After the fall, Plaintiff could not definitively identify the liquid or its source, but speculated it was water that had come from a sprinkler in the flower display. (Barnes Depo. 96:4–13.) According to Costco, the flower display is not equipped with any sprinklers, nor do Costco employees manually change or refill the water in the display's buckets. (Francis Aff. ¶¶ 5–6.)

Costco employees typically conduct hourly floor inspections to look for potential hazards in its stores. (Costco Interrogs. 4, 19.) When an employee uncovers a potential hazard, procedure calls for them to remain at the location of the hazard, report the problem to management, and either remedy the problem or await assistance. (*Id.*) A Costco employee conducted such an inspection between 5:01 p.m. and 5:44 p.m. and did not report any hazards in the flower display area. (Opp'n Mem. Ex. 3 at 3.) The employee did report one spill in another part of the store, but it was cleaned

up at 5:35 p.m. (*Id.*) Plaintiff has no sense of how long the liquid was on the floor before she slipped on it: it could have been "one hour" or "a whole day." (Barnes Depo. 98:1–4.)

Costco contends Plaintiff's lack of evidence about the source of the wet spot or the length of time the liquid was on the floor means Plaintiff cannot establish a prima facie case for negligence. (M.S.J. Mem. Supp. 8–15, ECF No. 32-1.)

## II.  *Summary Judgment Standard*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The moving party bears the burden of demonstrating the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the non-moving party, then a genuine dispute of material fact exists, and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). But, the "mere existence of a scintilla of evidence in support of the [non-moving party's] position" is insufficient. *Id.* at 252. The non-moving party may not rest upon the pleadings but instead must, by evidentiary showing, set out specific facts showing a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1). Where a genuine dispute exists, the facts and inferences derived therefrom must be viewed in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2009).

## III.  *Motion to File a Surreply*

Courts have discretion over whether to allow a party to file a surreply, *see* Local Rule 105.2(a), but they are generally disfavored. *See Chubb & Son v. C & C Complete Servs., LLC*, 919 F. Supp. 2d 666, 679 (D. Md. 2013). "Surreplies may be permitted when the moving party

would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D. Md. 2003). But where the arguments in a reply are "merely responses to new arguments" made in an opposition brief, a surreply is not appropriate. *Aguilar v. LR Coin Laundromat*, Civ. No. RDB-11-02352, 2012 WL 1569552, at *2–3 (D. Md. May 2, 2012); *see also EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part sub nom. E.E.O.C. v. Freeman*, 778 F.3d 463 (4th Cir. 2015) (denying the plaintiff a surreply where the "new" arguments in the defendant's reply were "more correctly characterized as responsive arguments to the claims raised in the [plaintiff's] opposition brief.") Surreplies are generally not permitted where they merely identify inaccuracies in the opposing party's reply brief. *See Khoury*, 268 F. Supp. 2d at 606 (denying the plaintiff a surreply where the plaintiff wished to correct "[d]efendant's misrepresentations" of the record and the law).

Plaintiff contends she is entitled to a surreply because Defendant's Reply is "built on the new, unfounded, and contradictory supposition that there were no caution signs at the time Plaintiff fell." (Mot. Sur. at 6.) But Defendant's Reply did not raise the issue of the yellow caution signs for the first time—it was Plaintiff who first raised the issue in her Opposition. (Opp'n Mem. at 8–12, ECF No. 33.) Defendant's discussion of the matter was "merely responsive" to Plaintiff's argument on the matter, and responsive arguments in a reply do not warrant a surreply. *See Freeman*, 961 F. Supp. 2d at 801. It is true that Defendant mischaracterized the record in its Reply: it stated multiple times that the evidence was "undisputed" that the yellow caution signs were only put in place after Plaintiff's fall, even though Defendant's own interrogatory responses stated the opposite. (Reply at 2, 4–5, ECF No. 34; Costco Interrogs. 6, 20.) But a plaintiff is not entitled to a surreply merely to identify inaccuracies in the opposing party's reply. *See Khoury*, 268 F. Supp. 2d at 606.

As such, the Court will deny Plaintiff's motion to file a surreply, and will not consider the contents of Plaintiff's proposed surreply.[1]

## IV. Negligence Claim

### A. The Law of Premises Liability

In a premises liability case, as with any case sounding in negligence, the plaintiff must prove (1) that the defendant owed a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered damages, and (4) that the plaintiff's damages proximately resulted from the defendant's breach. *Hall v. Wash. Metro. Area Transit Auth.*, 679 F. Supp. 2d 629, 632 (D. Md. 2010) (citing *Remsburg v. Montgomery*, 831 A.2d 18, 26 (Md. 2003)). The duty owed by the owner/occupier of a premises is a "function of his legal relationship to the person entering on the premises." *Garner v. Supervalu, Inc.*, 396 F. App'x 27, 29 (4th Cir. 2010) (per curiam). While the owner/occupier owes lesser duties of care to trespassers and social guests, the "highest duty is owed to a business invitee": specifically, a proprietor must "'protect the invitee from injury caused by an unreasonable risk' that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety, and about which the [proprietor] knows or could have discovered in the exercise of reasonable care." *Rybas v. Riverview Hotel Corp.*, 21 F. Supp. 3d 548, 561 (D. Md. 2014) (quoting *Casper v. Charles F. Smith & Son, Inc.*, 560 A.2d 1130, 1135 (Md. 1989)).

While the duty owed to invitees is weighty, it is not limitless. "Storekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 640 A.2d 1134,

---

[1] The Court notes, however, that this decision does not affect its summary judgment analysis. Plaintiff's surreply merely highlights the factual dispute surrounding whether Defendant placed the yellow caution signs before or after Plaintiff's fall. (Mot. Sur. at 4–6.) This dispute was already apparent on the face of the summary judgment record.

1135 (Md. 1994). Rather, the "evidence must show not only that a dangerous condition existed, but also that the proprietor 'had actual or constructive knowledge of it, and that knowledge was gained in sufficient time to give the [proprietor] the opportunity to remove [the hazard] or to warn the invitee.'" *Rehn v. Westfield Am.*, 837 A.2d 981, 984 (Md. Ct. Spec. App. 2003) (quoting *Keene v. Arlan's Dep't Store of Balt., Inc.*, 370 A.2d 124, 128 (Md. Ct. Spec. App. 1977)).

A proprietor has actual notice of a hazard when one or more of its agents is specifically aware of the danger. *See id.* at 985; *see also Konka v. Wal-Mart Stores, Inc.*, 133 F.3d 915, 1998 WL 24378, at *3 (4th Cir. 1998) (unpublished table decision). Conversely, a proprietor may be charged with constructive notice of a hazard when "it is shown that the conditions . . . existed for a time sufficient to permit [the proprietor, who is] under a duty to know of them, to discover them, had he exercised reasonable care." *Deering Woods Condo. Ass'n v. Spoon*, 833 A.2d 17, 24 (Md. 2003) (quoting *Moore v. Am. Stores Co.*, 182 A. 436, 440 (Md. 1936)). The factors that bear on constructive notice also yield insight as to the sufficiency of time to alleviate the danger: "What will amount to sufficient time depends upon the circumstances of the particular case, and involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, opportunities and means of knowledge, the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions." *Id.* at 24–25 (quoting *Moore*, 182 A. at 440).

### B. Analysis

Plaintiff asserts that she can establish a prima facie case for negligence because she can show Defendant had actual knowledge of the wet spot. (Opp'n Mem. at 7–11.) Actual knowledge is apparent, Plaintiff contends, from Defendant's admission in its interrogatories that multiple

Costco employees saw two yellow caution signs near Plaintiff at the time she fell. (*Id.*) If this is true, Plaintiff argues, then the Costco employee who placed the signs there must have actually been aware of the potential hazard. (*Id.*) Defendant counters that, despite its own interrogatory responses, no reasonable jury could conclude Defendant had actual knowledge of the hazard because Plaintiff stated in her own deposition that the caution signs were not present when she fell. (Reply at 4–5.)

The Court is unpersuaded by Defendant's argument. As an initial matter, Plaintiff is not barred, as Defendant contends, from presenting a theory of liability that contradicts her deposition testimony. (Reply at 2.) As the Fourth Circuit has explained, "there is no rule in this circuit that a witness 'is bound by his initial deposition testimony.' Rather, it is for the jury to decide whether a witness's trial testimony is credible in light of deposition testimony that may be inconsistent." *Eclipse Packaging, Inc. v. Stewarts of Am., Inc.*, 731 F. App'x 168, 170 (4th Cir. 2018) (quoting *Lewis v. Boucher*, 35 F. App'x 64, 68 (4th Cir. 2002)). Applying this principle here, a jury should consider all of the evidence surrounding the placement of the caution signs and consider which version of events it believes to be accurate. In doing so, a reasonable jury could find that the Costco employees who saw Plaintiff fall were in a better position to perceive whether there were caution signs present than was Plaintiff, who was likely frazzled after suffering a bad fall. Such a finding would support a conclusion that Defendant was actually aware of the wet spot.

But even if Defendant was actually aware of the hazard, Plaintiff's claim ultimately fails because she has not raised a genuine issue of fact as to whether Defendant gained that knowledge with enough time to clean up the wet spot. *See Keene*, 370 A.2d at 128 (explaining that even where a defendant has actual knowledge of a hazard, a plaintiff still has "the further responsibility of producing evidence that the dangerous condition existed for a sufficiently long period of time

for the owner or his employees to correct it or warn his invitees.") Plaintiff concedes she has no idea how long the liquid was on the floor. (Barnes Depo. 98:1–4.) Her theory of liability is that if Defendant had enough time to place the warning signs near the wet spot, Defendant "clearly had the reasonable opportunity" to clean up the hazard. (Opp'n Mem. at 11.) The Court disagrees. It is entirely possible a spill occurred just moments before Plaintiff's fall and a Costco employee, upon discovering it, diligently put out the caution signs and immediately went to retrieve a mop to clean it up.[2] The placement of the signs, in other words, cannot alone establish negligence. In short, the absence of any evidence—or even a proposed theory—as to how long the water was on the floor means Plaintiff has no basis on which to argue Defendant was negligent. This is fatal to Plaintiff's claim. *See Rehn*, 837 A.2d at 985 (granting summary judgment to a defendant with actual knowledge of a spill because the plaintiff's "conjecture" about how long the spill was on the ground was "not a permissible evidentiary basis" to infer the defendant's negligence).

## V. *Conclusion*

For the foregoing reasons, the Court will grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Leave to File a Surreply.

---

[2] Plaintiff argues that if this occurred, Defendant was necessarily negligent, as Costco's own procedures call for an employee to stay with a hazard until assistance arrives. (Opp'n Mem. at 8–9.) But a violation of Costco's internal policies does not establish negligence. *See Doe v. Prudential Ins. Co. of Am.*, 860 F. Supp. 243, 252–53 (D. Md. 1993) ("The Maryland Court of Appeals has 'long held that the custom and practice of a party, as distinguished from general custom and practice, is inadmissible since it is not helpful in a determination of what constitutes reasonable care.'" (quoting *W. Md. Ry. Co. v. Griffis*, 253 A.2d 889 (Md. 1969))). Plaintiff cites no authority suggesting it is a violation of an owner/occupier's duty of care for an employee not to remain with a hazard until it is remedied.

DATED this 4 day of October, 2019.

BY THE COURT:

_James K. Bredar_

James K. Bredar
Chief Judge

9